UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JAMES FERNANDEZ,

       Defendant.
_____/

Case No. 20-20081

Hon. Thomas L. Ludington
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER**

On February 12, 2020, an indictment was returned charging Defendant James Nels Fernandez with one count of Possession with Intent to Distribute Methamphetamine, one count of Felon in Possession of a Firearm, one count of Felon in Possession of Ammunition, and three counts of Witness Tampering. ECF No. 8.

On February 14, 2020, Magistrate Judge Morris ordered that Defendant be detained pending trial. ECF No. 11. In making her determination, she considered Defendant's criminal history and the current charges against him. Her order provides:

> In the instant case, Defendant's possession of a firearm came to law enforcement's attention because of a police tip that Defendant possessed a sawed-off shotgun and almost shot his girlfriend. His girlfriend indicated the gun was in her house, she consented to a search of her house, and the gun was seized. The possession with intent to distribute methamphetamine charge was based on surveillance at the Soaring Eagle Casino showing two women smoking with a glass pipe, they indicated they got the methamphetamine they were smoking from Defendant, Defendant possessed over 100 grams of methamphetamine in his coat jacket and he indicated that he had been moving methamphetamine for a time. The government proffered phone calls recorded from the jail recordings wherein Defendant threatened to kill or slaughter witnesses, threatened to hang their kids, and take their families from them because that's how he does things.
>
> Defendant's record reveals a lack of respect for the law, supervision and law enforcement officers. He has a consistent adult history of engaging in assaultive

>>behavior even against pregnant women, and he is currently threatening to do horrific things to potential witnesses. Even though a tether could monitor where the Defendant is, it cannot tell us what he is doing, i.e., whether he is engaging in assaultive or threatening conduct, or tampering with or retaliating against a witness.

*Id.* at PageID.36. She found that there was "no condition or combination of conditions which [would] reasonably assure the safety of the community." *Id.*

Defendant is being housed at Roscommon County Jail and his trial is scheduled for August 18, 2020.

**I.**

On April 16, 2020, Defendant filed a Motion for Reconsideration of Order of Detention. ECF No. 20. He argues that new facts have developed since Judge Morris issued her order, specifically the spread of COVID-19 throughout Michigan. Defendant states that he should be released from detention because as of April 15, 2020, there are 9 cases of COVID-19 in Roscommon County. However, he does not represent that any cases of COVID-19 have been confirmed in Roscommon County Jail where he is housed.

**II.**

The United States is facing an unprecedented challenge with the novel coronavirus pandemic. The Governor of Michigan explained that "[t]he novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease." E.O. 2020-21. The Governor has issued a "Stay Home, Stay Safe" order which closed all non-essential businesses and requires Michigan residents to stay home, unless they are essential workers, or meet certain exceptions. *Id.*

Michigan has the third highest number of cases of COVID-19 in the nation. *Coronavirus in the U.S.: Latest Map and Case Count*, The New York Times, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last updated Apr. 7, 2020).

In an effort to contain the spread of the virus, Governor Whitmer has implemented temporary procedures for Michigan Department of Corrections facilities. E.O. 2020-29. In addition, the CDC's Interim Guidance for detention facilities explain that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 7, 2020). The CDC provides extensive guidance for correctional facilities to decrease the probability of a COVID-19 outbreak in their facility. *Id.*

### III.

The Bail Reform Act provides that

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
> 18 U.S.C. § 3142(e)(1)

If the detention decision was made by a magistrate judge, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment to the order."

18 U.S.C. § 3145(b). District Court review of a magistrate judge's detention order is de novo. *U.S. v. Koubriti*, 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001).

"The judicial officer shall order the pretrial release of the person on person recognizance, or upon execution of an unsecured appearance bond [subject to certain conditions], unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If a judicial officer finds by clear and convincing evidence that no conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. *Id.* at (e), (f). The factors relevant to the determination are: "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* at (g).

Specifically related to COVID-19, Chief Judge Hood issued an administrative order explaining "[b]ecause of the exigent circumstances created by the novel coronavirus, the COVID-19 pandemic, and related coronavirus health conditions, the Centers for Disease Control and Prevention (CDC) and numerous federal and state governmental agencies have ordered measures to reduce person-to-person contact." 20-AO-024. She set out a procedure for motions to review detention orders: Defense counsel should first seek concurrence from opposing counsel, if no agreement is reached, a motion must be filed, and the government must respond within 72 hours. *Id.* However, the order does not amend the underlying legal tests that must be applied for each defendant.

**IV.**

- 5 -

The COVID-19 pandemic is real and the threat to individual in detention centers must be acknowledged. There is an effort to release individuals who do not pose a risk to the public and who are more vulnerable to coronavirus from incarceration. *Barr Expands Early Release of Inmates at Prisons Seeing More Coronavirus Cases*, The New York Times, https://www.nytimes.com/2020/04/03/us/politics/barr-coronavirus-prisons-release.html (Apr. 3, 2020). However, the public health crisis does not change the legal standards for detention of individuals.

Defendant's motion will be denied because he has not furnished evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. §3143(a)(1) Defendant makes generalized claims about COVID-19 and the possibility of its spread throughout the jail. He also claims that he could stay at a cousin's house if he is released. However, he provides no evidence demonstrating that he is not a threat to others in the community. The charges against Defendant in the current indictment are associated with acts of violence, including possession of a firearm by a felon and threats to slaughter witnesses and hang their children. The spread of COVID-19 has not changed the fact that Defendant's current charges and his long criminal history indicate that he poses "a danger to the safety" of others in the community.

**V.**

Accordingly, it is **ORDERED** that Defendant's Motion to Reconsider Order of Detention, ECF No. 20, is **DENIED**.


Dated: April 22, 2020                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge